[No. 13221.   Department Two.   March 7, 1916.]

CARSTENS PACKING COMPANY, *Respondent*, v. LEWIS C. TROUGHTON, INCORPORATED, *Appellant*, L. C. TROUGHTON *et al.*, *Defendants*.[1]

LANDLORD AND TENANT—JOINT LEASE—PARTIAL ABANDONMENT. The lessee of three markets under the same lease for one gross rental, may abandon one of the markets with the lessor's assent.

APPEAL—REVIEW—FINDINGS.   A finding on directly contradictory statements will be sustained on appeal.

CORPORATIONS—REPRESENTATION—CONTRACTS BY OFFICER—RATIFICATION—LIABILITY.   A twelve month's contract for advertising, made by the the manager of a packing company without previous authority, is ratified by the corporation, where, after notice of the contract, it permitted three or four monthly payments from its funds, it was receiving the benefits, and continued to make payments on the contract three months more; and an agreement to charge the same back to the manager is unfair and without consideration.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 20, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Modified.

*F. C. Kapp*, for appellant.

*Kerr & McCord*, for respondent.

BAUSMAN, J.—The packing company became defendants' lessee of three markets under the same lease, for the same one-year period, and for one gross rental, for which reason it could not abandon one of the markets while keeping the others.   However, it could do so and, according to the find-

[1]Reported in 155 Pac. 758.

ings of the lower court, did do so with defendants' assent. As to this last, there being directly contradictory statements, the finding against defendants must be sustained. There was testimony also to support the amount apportioned to the market released.

After delivering the markets, appellant, assuming to act as the packing company's temporary manager, made a twelve months' contract with a newspaper for advertising these stores. This was done without previous authority. On the other hand, the packing company's agents made the payments during several months before the head of that company perceived what they were doing. Here the latter, who might perhaps have repudiated the thing successfully, as between him and this manager, failed to do so, for he distinctly admits that, in order to "smooth relations" with appellant, he continued to permit three or four monthly payments from the packing company's funds. We must reject the finding of the lower court which charged this item to the appellant as both a fraud in its own interest and as a sum agreed by appellant to be charged back to it by the packing company. Nothing sustains the theory of fraud on the remote motive that the appellant, looking ahead a year, felt it would have these markets back at the end of that time the better for this advertising; and as to the agreement to let the packing company charge it back to the appellant, not only is this denied, but it seems unfair on the face of things and without consideration. In the first place, it was the packing company that had been getting the benefits of this advertising, was then getting it, and was still to get it at the time of this talk. In the second place, the packing company continued to make the payments about three months more. The law is quick to fasten ratification on a principal when he has both received benefits and has discovered the unauthorized act. He must repudiate wholly, finally, and at once.

The judgment is ordered to be modified, and the case is remanded to the lower court with instructions to enter a decree

in which the appellant will be relieved of the items of advertising set out in the fifth finding of fact.

Morris, C. J., Main, Holcomb, and Parker, JJ., concur.